IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ROD E. TERRY,** | ) | Civil Action No. 7:12-cv-00135 |
| Petitioner, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Hon. Michael F. Urbanski |
| **COMMONWEALTH OF** | ) | United States District Judge |
| **VIRGINIA, et al.,** | ) | |
| Respondents. | ) | |

Rod E. Terry, a Virginia inmate proceeding pro se, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner challenges the validity of his confinement pursuant to the October 31, 2011, judgment of the Circuit Court for the City of Danville. Petitioner appealed his conviction to the Court of Appeals of Virginia, which remains pending. Terry v. Commonwealth, No. 2232-11-3 (Va. Ct. App.). After reviewing the petition, the court finds that it should be construed as a petition pursuant to 28 U.S.C. § 2254 and dismissed summarily pursuant to Rule 4 of the Rules Governing § 2254 Cases.[1]

A § 2241 petition is normally used to attack the execution of a sentence and must be filed in the district where the convict is in custody. 28 U.S.C. § 2241(a). See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (recognizing narrow circumstances when 28 U.S.C. § 2255 is inadequate for federal convict to test validity of custody so as to allow convict to proceed via § 2241); Kane v. State of Virginia, 419 F.2d 1369, 1372 (4th Cir. 1970) (authorizing § 2241 petitions for pretrial detainees in state custody). However, a state convict challenging the validity of custody pursuant to a state court judgment must proceed via 28 U.S.C. § 2254. See White v. Lambert, 370 F.3d 1002, 1005 (9th Cir. 2004) ("adopt[ing] majority view that 28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody

---
[1] A petition may be dismissed pursuant to Rule 4 if it is clear from the petition that petitioner is not entitled to relief.

pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction"). Accordingly, petitioner's § 2241 petition is properly construed as a § 2254 petition.

A federal court may not grant a § 2254 habeas petition unless the petitioner exhausted the remedies available in the courts of the state in which petitioner was convicted. 28 U.S.C. § 2254(b); Preiser v. Rodriguez, 411 U.S. 475 (1973); Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, a non-death row convict can exhaust state remedies in one of three ways, depending on the nature of the claims raised. First, the convict can file a direct appeal to the Virginia Court of Appeals with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against the convict. VA. CODE § 17.1-411. Second, the convict can attack the conviction collaterally by filing a state habeas petition with the circuit court where the convict was convicted and appealing an adverse decision to the Supreme Court of Virginia. Id. § 8.01-654(A)(1); Va. Sup. Ct. R. 5:9(a). Finally, the convict can exhaust remedies by filing a state habeas petition directly with the Supreme Court of Virginia. VA. CODE § 8.01-654(A)(1). Whichever route is taken, the convict ultimately must present the claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider the claims. A federal habeas petitioner has not exhausted state remedies if the petitioner has the right under state law to raise the question presented by any available procedure and fails to do so. 28 U.S.C. § 2254(c).

The petition clearly shows that petitioner has not presented the claims to the Supreme Court of Virginia.[2] Petitioner's failure to exhaust state remedies mandates summary dismissal of the petition.[3] Based upon the finding that petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.[4]

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to petitioner.

Entered: March 22, 2012

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[2] Petitioner acknowledges in the petition that he has not presented the instant habeas claims to the Supreme Court of Virginia, either via a state habeas corpus petition or an appeal from the Court of Appeals of Virginia.

[3] Petitioner may refile his federal habeas petition if he unsuccessfully presents the claims to the Supreme Court of Virginia through one of the three routes described. Petitioner is advised, however, that his time to file state or federal habeas petitions is limited. See 28 U.S.C. § 2244(d); VA. CODE § 8.01-654(A)(2).

[4] The petition and state court records reflect that petitioner has an appeal of his conviction pending at the Court of Appeals of Virginia. Federal courts may not interfere with state court prosecutions except in exceptional circumstances. Younger v. Harris, 401 U.S. 37, 54 (1971). Abstaining from such interference is appropriate when "(1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." Emp'rs Res. Mgmt. Co., Inc. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995).

Petitioner has the opportunity to challenge his convictions via his pending direct appeal, another appeal to the Supreme Court of Virginia, and a subsequent petition for a writ of habeas corpus. A superior state court's authority to review inferior state courts' proceedings clearly implicates important state interests. See VA. CODE § 8.01-654, et seq. (authorizing the Supreme Court of Virginia to entertain petitions for writs of habeas corpus that present federal constitutional claims). It would be unduly disruptive to the Commonwealth of Virginia for the court to issue a judgment in this action that interferes with ongoing Virginia judicial proceedings. See 28 U.S.C. § 2254(b), (d) (describing a federal district court's deferential review of state court criminal convictions based on alleged violations of federal law). Consequently, the court would abstain from this considering the § 2241 petition.